# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYCE ROSEMORE,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>MINERAL COUNTY SHERIFF'S OFFICE, *et. al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:21-CV-00451-RCJ-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Bryce Rosemore's ("Rosemore"), application to proceed *in forma pauperis* (ECF No. 1), and his *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Rosemore's *in forma pauperis* application, (ECF No. 1), be granted, and his complaint, (ECF No. 1-1), be dismissed, with prejudice, as to certain defendants, and dismissed, without prejudice, and with leave to amend, as to other defendants, as specified below.

**I.    *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on

---

[1]    This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Rosemore cannot pay the filing fee; therefore, the Court recommends that the application, (ECF No. 1), be granted.

## II.  SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted

under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III.   SCREENING OF COMPLAINT**

In his complaint, Rosemore sues Defendants Mineral County Sheriff's Office, Undersheriff William "Bill" Ferguson, Deputy Sheriff Brian Angiano, Hawthorne Justice Court, Justice of the Peace Mike James, Mineral County District Attorney's Office, District Attorney Sean Rowe, and Deputy District Attorney T. Jarren Stranton for civil rights violations pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) Rosemore alleges the following:

On May 4, 2021, Ferguson received a call from someone who said, "Bryce Rosemore is at the store yelling at people who aren't there." (*Id.* at 5.) Subsequently, Ferguson and Angiano pulled Rosemore over during a traffic stop and asked to conduct a field sobriety test, which Rosemore declined due to his "disabilities." (*Id.*) Rosemore alleges he was immediately placed under arrest, taken to jail and then to the hospital to have his blood drawn to check for alcohol and other controlled substances. (*Id.*) Rosemore states twelve weeks later the toxicology results came back "showing [he] was innocent" and ultimately charges were dismissed on August 18, 2021. (*Id.*)

Rosemore alleges that Ferguson and Angiano forcefully drew Rosemore's blood and obtained a search warrant without probable cause. (*Id.* at 6.) Rosemore alleges Justice of the Peace James signed a warrant for Rosemore's blood without probable cause. (*Id.*) Rosemore alleges District Attorneys Rowe and Stranton "deliberately used their power to continuously deprive [Rosemore] of [his] liberty without due process." (*Id.*) No specific allegations are made against the Mineral County Sheriff's Office, Hawthorne Justice Court, or Mineral County District Attorney's Office. Rosemore seeks damages in the amount of $400,000. (*Id.* at 8.)

**A.    Sheriff's Office Defendants**

First, as to Defendants Ferguson and Angiano, Rosemore's allegation is that they forcefully drew Rosemore's blood and obtained a search warrant without probable cause, which the Court interprets as a Fourth Amendment claim. The Fourth Amendment prohibits "unreasonable searches," and Supreme Court caselaw establishes that the taking of a blood sample or the administration of a breath test constitutes a search. *Birchfield v. North Dakota*, 136 S.Ct. 2160, 2173 (2016) (citing *Skinner v. Railway Labor Executives' Assn.*, 489 U.S. 602, 616-17 (1989); *Schmerber v. California*, 384 U.S. 757, 767-68 (1966)). However, from what the Court can discern from the allegations of Rosemore's complaint, it appears Rosemore refused to take a field sobriety test so the officers obtained a search warrant *before* drawing Rosemore's blood. "When officers in drunk-driving investigations can reasonably obtain a warrant before having a blood

4

sample drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates they do so." *Missouri v. McNeely*, 569 U.S. 141, 152 (2013) (citing *McDonald v. United States*, 335 U.S. 451, 456 (1948).) Further, "[a] police officer generally has qualified immunity for conducting an unconstitutional search if he is acting on the basis of a facially valid warrant." *Barlow v. Ground*, 943 F.2d 1132, 1139 (9th Cir. 1991). *See also Skoog v. County of Clackamas*, 469 F.3d 1221, 1231 (9th Cir. 2006) (when probable cause existed for issuance of warrant and seizure of evidence, Plaintiff cannot plead facts to support violation of Fourth Amendment); *Mills v. Graves*, 930 F.2d 729, 731 (9th Cir. 1991) ("immunity will be lost only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable").

As currently plead, Rosemore has failed to state a claim upon which relief can be granted in his original Complaint, since he has failed to demonstrate whether the search warrant about which he complains was valid or facially valid, or any facts to determine whether the law enforcement officers who executed the warrant had qualified immunity for their actions. Since Rosemore has not set out enough facts to allow the Court to discern if he can cure the deficiencies in his Complaint, the Court recommends the Fourth Amendment claim against Ferguson and Angiano be dismissed, with leave to amend, to allow Rosemore the opportunity to do so.

### B. Justice Court Defendants

Next, the Court recommends that Hawthorne Justice Court be dismissed, with prejudice, as it is immune from suit in federal court under the Eleventh Amendment. A justice court is part of the state judicial branch rather than a local or municipal court. *See generally Heckman v. Dodd*, No. 2:11-cv-00480-RLH-LRL, #6, at 5 (D. Nev. May 2, 2011); *see also* Nev. Const. art. 6, § 1. As a part of the judicial arm of the State, a state court may not be sued in federal court because of the state sovereign immunity recognized by the Eleventh Amendment. State sovereign immunity bars suit in federal court against a State or an arm of the State regardless of the relief sought. *See, e.g., Pennhurst State*

*School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984). Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. NRS 41.031(2).

Additionally, Justice of the Peace James is absolutely immune from suit under § 1983 and should also be dismissed, with prejudice, from this action. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts…. A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.").

### C. District Attorney's Office Defendants

The Court also recommends that Mineral County District Attorneys Rowe and Stranton be dismissed from this action, with prejudice, as they are also absolutely immune from suit under § 1983. State prosecutors are absolutely immune from § 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009) (Absolute immunity applies when a state prosecutor prepares to initiate a judicial proceeding or appears in court to present evidence in support of a search warrant application).

### D. Mineral County Sheriff's Office and District Attorney's Office

As noted above, there are no allegations against Defendants Mineral County Sheriff's Office and Mineral County District Attorney's Office in the complaint. However, even if any allegations were asserted against these entities, any claims against them should be dismissed, with prejudice, as they are not proper defendants. Under Nevada law, "in the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued." *Wayment v. Holmes*, 112 Nev. 232, 237-38 (1996).

### E. Review of State Court Decision

The Court finally notes that, to the extent Rosemore is asking this Court to review a state court decision, it does not have jurisdiction to sit as an appellate court in review of

state court decisions. Any error in state court proceedings must be corrected by the appellate courts of the state and ultimately, where grounds exist, by the United States Supreme Court. *Atlantic Coast Lines R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281 (1970). There is no indication that Rosemore cannot raise his constitutional claims in state court.

### F.     Leave to Amend

As noted above, the Court recommends that Rosemore be granted leave to file an amended complaint to cure the deficiencies of his <u>Fourth Amendment claim against Defendants Ferguson and Angiano, only</u>. If Rosemore chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). For each Defendant and each claim, Rosemore must allege true facts sufficient to show that the Defendant violated Rosemore's civil rights. Rosemore may not amend the complaint to add unrelated claims against other defendants. If Rosemore chooses not to file an amended complaint curing the stated deficiencies, the Court will issue a Report and Recommendation to dismiss the case for failure to state a claim.

### IV.    CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Rosemore's application to proceed *in forma pauperis*, (ECF No. 1), be granted, and his complaint, (ECF No. 1-1), be dismissed, with prejudice as to some claims, and without prejudice and with leave to amend as to others, as specified above.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Rosemore's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Rosemore's complaint, (ECF No. 1-1), be **DISMISSED, WITH PREJUDICE,** as to his claims against Mineral County Sheriff's Office, Hawthorne Justice Court, Mike James, Mineral County District Attorney's Office, Sean Rowe, and T. Jarren Stranton, as amendment would be futile; and,

**IT IS FURTHER RECOMMENDED** that Rosemore's complaint, (ECF No. 1-1), be **DISMISSED, WITHOUT PREJUDICE, AND WITH LEAVE TO AMEND**, as to his Fourth Amendment claim against Defendants Ferguson and Angiano, only.

**DATED**: January 13, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**